UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARLOS M. SANCHEZ,

                              Plaintiff,

   -against-

ERIE COUNTY,
ERIE COUNTY HOLDING CENTER,
ERIE COUNTY CORRECTIONAL FACILITY,
ERIE COUNTY FAMILY COURT,
ERIE COUNTY SUPPORT COLLECTION UNIT,
HON. SHARON LoVALLO,
HON. MARY G. CARNEY,
SUPP. MAGISTRATE MARISSA WASHINGTON.

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

-CV- 25 CV 61

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **CARLOS M. SANCHEZ**, Pro Se, as and for his Complaint against defendants, **ERIE COUNTY, ERIE COUNTY HOLDING CENTER, ERIE COUNTY CORRECTIONAL FACILITY, ERIE COUNTY FAMILY COURT, ERIE COUNTY SUPPORT COLLECTION UNIT, HON. SHARON LoVALLO, Hon. MARY G. CARNEY, SUPP. MAGISTRATE MARISSA WASHINGTON** Individually and in their Official Capacity as Judges and Magistrate Judge for the Erie County Family Court, alleges as follows:

### I.    <u>NATURE OF CLAIMS</u>

1. This is an action for damages and injunctive relief caused by defendants' violation of plaintiff rights secured by:

1

    a. 42 U.S.C. § 1983,

    b. 42 U.S.C. § 1985 (3),

    c. 42 U.S.C. § 1986,

    d. Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States.

    e. Monell Claim

## II.  JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this judicial district.

4. Notice of Claim was served well in advance of the filling of this lawsuit in a manner consistent with the provisions of New York General Municipal Laws.

## III.  PARTIES

5. Plaintiff, Carlos M. Sanchez, is a citizen of the United States and a resident of the County of Erie and State of New York.

6. Defendant ERIE COUNTY is and at all times relevant herein a Municipal Corporation, Governmental entity duly authorized to operate under the Laws of the State of New York, employer and principal of defendants herein, responsible for promulgating policies, practices, protocols and customs for its subsidiaries.

7. Defendants ERIE COUNTY HOLDING CENTER, ERIE COUNTY CORRECTIONAL FACILITY, ERIE COUNTY FAMILY COURT, ERIE COUNTY SUPPORT COLLECTION UNIT, institutions, agencies or department acting under the auspices of Federal, State and Local

Laws, operated and supervised by the Defendant; ERIE COUNTY, through its command structure and internal affairs division is among other responsible for training, monitoring and supervision of its duly authorized officers and or employees. sued in their official capacity.

8. Defendant Hon. SHARON LoVALLO, (hereinafter referred to as Judge LoVallo), an elected Erie County Family Court Judge and at all times relevant to the allegations made in this complaint, who acting under Color of State and Local Laws and within the scope of her employment, is sued in her official and individual capacity.

9. Defendant Hon. MARY G. CARNEY, (hereinafter referred to as Judge Carney), an elected Erie County Family Court Judge and at all times relevant to the allegations made in this complaint, who acting under Color of State and Local Laws and within the scope of her employment, is sued in her official and individual capacity.

10. Defendant Support. Magistrate MARISSA H. WASHINGTON, (hereinafter referred to as Magistrate Washington), an appointed Erie County Family Court Judge and at all times relevant to the allegations made in this complaint, who acting under Color of State and Local Laws and within the scope of her employment, is sued in her official and individual capacity.

## IV.   STATEMENT OF FACTS

11. The violations herein alleged by plaintiff arise out of issues involving Erie County, Erie County Family Court and other agencies, offices or subsidiaries controlled by Erie County or located in Erie County. A pattern of persistent and widespread constitutional and statutory violations as set forth in this Complaint against plaintiff which caused harm, damage and loss amongst, evolved as follows:

12. On or about August 16th 2023, Alba M. Mercedes filed in Erie County Family Court a petition for violation of child support against plaintiff. Around September 28th, 2023, Support Magistrate Marissa H. Washington conducted a hearing and around November 13th 2023, an order money judgement in the amount of $7,068 was entered pursuant IV-4 Article 4 against plaintiff. On or about December 16th, 2023, plaintiff filed an objection to Magistrate Washington findings where, among others, specifically objecting to the method used to calculate plaintiff support obligations. The method used by the magistrate was by "Imputing" plaintiff non-existing income which violated state laws Family Court guidelines "The courts may impute income based upon the party's employment history, future earnings capacity, and educational background. The courts have considerable discretion to impute income when determining child support, and such imputation will not be disturbed as long as there is record support for it", furthermore, it also violated U.S. Federal Poverty Guidelines: "If the noncustodial parent's income is determined to be at or below the federal poverty level for a single person, the presumptive support amount is $25 per month. When income is at or below the self-support reserve (135% of the federal poverty level), but above the federal poverty level, the presumptive support amount is $50 per month".

13. On or about December 21st, 2023, an order was entered by Judge Mary G. Carney denying plaintiff objections.

14. On January 2nd, 2024, a willfulness hearing was preceded by Judge Sharon LoVallo where plaintiff was found in contempt for violation the child support order and sentenced to 60 days in jail.

15. While support obligations may be quasi-criminal contempt, due process protections shall follow, and a "purge" amount shall be entered where a contemnor may "purge" his sentence upon completion of the contemp.

16. The court failed to enter a purge amount necessary to satisfy the contempt. Plaintiff commenced his sentence in Erie County Holding Center with multiple request to purge himself out of contempt. After many unsuccessful requests, an amended order was entered by the court on January 11th and received by plaintiff on January 12th.

17. On that same day, January 12th 2024, plaintiff paid the total of $7,068.56 and also a motion to vacate and purge the sentence was entered the same day in Family court. Plaintiff was not released from confinement until January 19th 2024.

18. Defendants, and each of them violated all applicable codes, statutes, laws, rules, guidelines and regulations.

19. Defendants, and each of them failed to exercise the degree of skill, due process and diligence to which Plaintiff was entitled.

20. Defendants, and each of them failed to use such care in the performance of their duties and procedures as reasonably prudent and competent individuals would have used under similar circumstances.

21. Defendants Erie County, their departments, agencies and subsidiaries failed to employ efficient, competent and qualified agents, servants and/or employees.

22. Defendants Erie County, their departments, agencies and subsidiaries, were negligent in the hiring, training, management, control, supervision and inspection of their agencies, programs, employees, officers or agents.

23. Defendants Erie County, their departments, agencies and subsidiaries, failed to comply with Civil and Constitutional citizens' rights, and that said employees violated the internal rules, regulations, manuals, protocols and guidelines of said Defendants herein.

24. Defendants, and each of them herein abused their authority, violating and failing to protect Plaintiffs Constitutional and Civil Rights.

25. Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States of America by one who under color of a statute or regulation of a State caused Plaintiff to be so deprived of Plaintiffs rights and privileges secured to him under the Constitutions of the United States of America and the State of New York by the agents, servants and employees named herein.

## V.   FIRST CAUSE OF ACTION

*(42 U.S.C. § 1983, 4th, 5th and 14th Amendments of the United States Constitution;*

*Malicious Prosecution, False Imprisonment, Monell Claim)*

26. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1through 25 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

27. This action at law for damages arises under 42 U.S.C. § 1983 and the United States Constitution, under the Fourth, Fifth and Fourteenth Amendments, Local and State laws principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, Laws and Amendments rights.

28. Commencing at or about the aforementioned date and place, without cause, proper due process, and legal justification, and while acting under color of law, all individual named

Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to biased and meritless prosecution and unlawful incarceration.

29. Defendant Judges and Support Magistrate engaged in a pattern of persistent and widespread Constitutional and Statutory violations as set forth in this Complaint.

30. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize prosecute and incarcerate Plaintiff on manufactured and unsupported evidence and orders.

31. Defendants, and each of them caused Plaintiff to be imprisoned without due process and violating protocols that would have procured his freedom and avoid jail time.

32. Defendants, and each of them, were objectively unreasonable under the circumstances and were undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

33. The actions of the individual Defendants, and each of them, were undertaken within the scope of their employment.

34. The Erie County along with its agencies and subsidiaries are liable as principal for all torts committed by its agents, officers and employees.

35. As a result of the actions by the Defendants, and each of them, Plaintiff has sustained physical, emotional and financial injuries.

36. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain, fear, anxiety, torment, degradation, powerless, emotional distress, loss of liberty and loss of enjoyment of life.

37. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred loss of business and litigation expenses.

38. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending his usual occupation, and has suffered loss and impairment of earnings and business opportunities.

39. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to dedicate enormous time to redress the wrongs hereinbefore mentioned.

40. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights, placed under arrest without probable cause and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

41. The individual Defendants' actions were undertaken within the scope of their employment, while on duty, and under color of law.

## VI.   SECOND CAUSE OF ACTION

*(42 U.S.C. § 1985 (3) Conspiracy to interfere with civil rights;*

*Depriving persons of rights or privileges)*

42. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

43. By virtue of the foregoing, all individual Defendants conspired for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities

under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law an deprivation of liberty and property without due process of law.

44. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

45. As a direct proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages, including, but not limited to those recited in relief.

## VII.   THIRD CAUSE OF ACTION

*(42 U.S.C. § 1986 Action for Neglect to Prevent)*

46. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

47. By virtue of the foregoing, all individual Defendants had knowledge Plaintiff was being subjected to a deprivation of his constitutional rights and that a 42 U.S.C. § 1985 (3) conspiracy violation was been committed, each and any of the individual defendants had the power to prevent or aid in preventing the commission of the same, but neglected or refused to do so. In so allowing such wrongful 42 U.S.C. § 1986 act be committed.

48. As a direct proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages, including, but not limited to those recited in relief.

## VIII.   FOURTH CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress)*

49. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

50. All individual Defendants, by specifically false arresting and maliciously prosecuting among others, denying Plaintiffs civil and constitutional rights without any legitimate legal reason, Defendants, and each of them engaged in extreme and outrageous conduct under the circumstances.

51. The individual Defendants' actions were taken intentionally with malice, willfulness, and reckless indifference to the rights and safety of Plaintiffs.

52. The actions of the individual Defendants were undertaken within the scope of their employment such that the City of Buffalo as principal is liable for all torts committed by its agents.

53. As a direct and proximate result of the actions of the individual Defendants, Plaintiff have sustained damages, including without limitation emotional distress.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants and requests that this Court:

a. Declare defendants' conduct complained of herein to be a violation of plaintiff's secured Civil and Constitutional rights as aforementioned.

b. Award Plaintiff actual, direct and consequential damages in an amount to be determined at trial against all Defendants.

c. Award Plaintiff compensatory damages in an amount to be determined at trial for pain and suffering, humiliation, mental anguish, emotional distress, loss of enjoyment of life and loss of liberty sustained by plaintiff.

d. Award Plaintiff punitive damages as provided by law, determined at trial against Defendants.

e. Award Plaintiff reasonable attorney's fees and/or including but not limited to costs Plaintiff incurred in prosecuting this action, and

f. Grants Plaintiff such other and further relief as the Court deems just and proper.

## X.     JURY DEMAND

Plaintiff hereby demands a trial by jury in this action, pursuant to Federal Rule of Civil Procedure 38(b), on all issues of fact and damages arising herein.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: January 13, 2025

Buffalo, New York

_____
Plaintiff Signature